UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES M. CUYLER,

    Plaintiff,

v.                                        Case No: 8:25-cv-1120-KKM-AAS

STATE OF FLORIDA, et al.,

    Defendants.
_____

## ORDER

Pro se plaintiff James Cuyler sues the State of Florida, Freedom Mortgage Corp., Cardinal Financial Co., and fourteen Florida state court judges. *See* Compl. (Doc. 1). Cuyler alleges various statutory and constitutional causes of action arising out of events that occurred in a separate Florida state court case involving a mortgage dispute and demands $100,000,000 in damages. *Id.* Because the judges listed as defendants are entitled to judicial immunity, they are dismissed from this action. As to the remaining claims, Cuyler's complaint is dismissed with leave to amend because it is a shotgun pleading.

The fourteen judges named as defendants in this action are absolutely immune from suit. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). Here, there are no allegations suggesting the judges took any actions in the "clear absence of all jurisdiction," *id.*, and the claims appear to arise out of the judges' actions in their official capacities regarding "appeals in State Court, State Appeal Court, and State Supreme Court," Compl. at 2, 9–25. Because "judicial immunity is an immunity from suit, not just from ultimate assessment of damages," Cuyler is barred from suing these judges. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Therefore, the judges must be dismissed from this action.

Additionally, to the extent that Cuyler brings any claims against the State of Florida, the Eleventh Amendment bars suits against state defendants in federal court by its own citizens. *Cross v. Alabama*, 49 F.3d 1490, 1502 (11th Cir. 1995). Therefore, any claims against the State of Florida are barred, unless Cuyler can show that Congress abrogated the state's immunity, the state consents to suit, or the state waived its immunity. *See id.*

2

As for the claims against the remaining defendants, the complaint constitutes a shotgun pleading. The Eleventh Circuit has outlined four common types of shotgun pleadings: (1) a complaint that contains "multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that fails to separate into different counts "each cause of action or claim for relief"; and (4) a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Cuyler's complaint is a shotgun pleading because it is replete with "vague" and "conclusory" factual allegations. *Id.* at 1322. As to the remaining defendants, Cardinal Financial and Freedom Mortgage, Cuyler's claims are conclusory such that the allegations fail to give the defendants "adequate notice of the claims against them and the grounds upon which" they rest. *Id.* at 1322. For example, Cuyler alleges that

3

Freedom Mortgage "attempt[ed] to force [Cuyler] into foreclosure" without any factual support and alleges that Cardinal "intentionally added taxes to [Cuyler's] monthly mortgage" without any additional allegations. Compl. at 25, 28. And most of his "counts" do not identify a legal basis, leaving the defendants unable to respond. *See id.* at 25-29; *Weiland*, 792 F.3d at 1323. Therefore, his complaint must be dismissed.

Accordingly, the Complaint, (Doc. 1), is **DISMISSED without prejudice**. Cuyler may file an amended complaint no later than **May 23, 2025**. If Cuyler fails to refile in a timely manner, this action will become subject to dismissal without further notice.

**ORDERED** in Tampa, Florida, on May 9, 2025.

Kathryn Kimball Mizelle
United States District Judge