UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES M. CUYLER,

    Plaintiff,

v.                                                                                    Case No: 8:25-cv-1120-KKM-AAS

STATE OF FLORIDA, et al.,

    Defendants.
_____

## **ORDER**

On May 9, 2025, I entered an order dismissing James Cuyler's complaint. (Doc. 3). As relevant here, I concluded that Cuyler's claims against the "fourteen judges named as defendants" were barred by absolute judicial immunity. *Id.* at 2; *see* Compl. (Doc. 1) at 9–25 (listing Cuyler's constitutional claims against the judicial defendants). In disagreement with that decision, Cuyler moves for my recusal and objects to my conclusion regarding absolute judicial immunity. Mot. for Recusal (Doc. 4). Cuyler also moves to add as defendants the undersigned and a state court judge. Mot. for Non-Joinder (Doc. 5). I deny Cuyler's motions.

Cuyler's motion for recusal is predicated on the order dismissing his complaint without prejudice. *See generally* Mot. for Recusal. He argues that I violated the

Constitution, the party presentation rule, the Code of Judicial Misconduct, various criminal statutes, my oath of office, and Supreme Court precedent. *Id.* at 2–6, 13–16. Indeed, Cuyler goes so far as to contend that my order "may be considered Treason by the Supreme Court." *Id.* at 5. These scurrilous allegations do not present a basis for recusal.

"Two statutes govern recusal—28 U.S.C. §§ 144 and 455." *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004) (per curiam). Section 144 is inapplicable because Cuyler failed to file a "timely and sufficient affidavit" documenting any "personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. Under § 455(a), any federal judge must "disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." *Id.* § 455(a). "[T]he standard of review for a § 455(a) motion 'is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality.'" *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (quoting *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988)). And under § 455(b), a federal judge must recuse when, among other

2

things, she "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1).

As noted, Cuyler moves for my recusal based on my dismissal order. "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *accord, e.g.*, *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) (per curiam) ("Ordinarily, a judge's rulings in the same or a related case may not serve as the basis for a recusal motion."). And my application of clear precedent on judicial immunity does not render this case the exception to that rule. *See Liteky*, 510 U.S. at 555 ("In and of themselves (i.e., apart from surrounding comments or accompanying opinion), [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved."). Instead, like in almost every case, Cuyler's disagreement is "proper grounds for appeal, not for recusal." *Id.*

Cuyler's "objection" to my absolute immunity analysis, which I construe as a motion for reconsideration, does not fair any better. Cuyler's claims are based on "acts taken while [the judicial defendants were] acting in their judicial capacity" and with jurisdiction. *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam);

3

*see* Compl. at 9–25; (Doc. 1-1) at 1–8.[1] Thus, the defendant judges are "entitled to absolute judicial immunity from damages for those acts." *Bolin*, 225 F.3d at 1239. The defendant judges are also immune from Cuyler's request for injunctive and declaratory relief because Cuyler fails to allege that "a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *see Tarver v. Reynolds*, 808 F. App'x 752, 754 (11th Cir. 2020) (per curiam) ("To receive declaratory or injunctive relief against a judicial officer under Section 1983, the judicial officer must have violated a declaratory decree or declaratory relief must otherwise be unavailable."). Although Cuyler takes issue with the judicial rulings at issue, the law is clear that judicial "immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin*, 225 F.3d at 1239. Therefore, Cuyler's claims against the judicial defendants are barred.

Finally, Cuyler moves to add the undersigned and a state judge—Cheryl K. Thomas—as defendants. (Doc. 5). Cuyler's motion is procedurally flawed. Cuyler

---

[1] Cuyler's complaint includes conclusory allegations that Judges Nash and Alvarez acted without jurisdiction, Compl. at 19, 22, but there is no plausible explanation of why these defendants lacked subject matter jurisdiction over Cuyler's case, *see Dykes v. Hosemann*, 776 F.2d 942, 948 (11th Cir. 1985) (en banc) (per curiam) (explaining that precedent requires a "showing of an absence of subject matter jurisdiction" to defeat judicial immunity); *cf. Stump v. Sparkman*, 435 U.S. 349, 356 (1978) ("[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge.").

moves under Federal Rule of Civil Procedure 21, which governs "Misjoinder and Nonjoinder of Parties." Further, because there is no active complaint in front of the Court, there is no complaint to amend to add these claims.[2]

Accordingly, the following is **ORDERED**:

1. Cuyler's Motion for Recusal and Objections, construed as a Motion for Reconsideration, (Doc. 4) are **DENIED**.

2. Cuyler's Motion for Non-Joinder of Judges (Doc. 5) is **DENIED**.

**ORDERED** in Tampa, Florida, on May 21, 2025.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge

---

[2] Cuyler's attempt to add the undersigned as "a defendant is inconsequential in determining whether recusal is warranted." *United States v. Dennis*, No. 8:22-CV-2009-SDM-SPF, 2022 WL 17608435, at *1 (M.D. Fla. Dec. 13, 2022). "Courts throughout the country have held that a party cannot 'judge shop' by creating the basis on which the party seeks disqualification, such as the party's including the judge as a defendant." *Id.* (collecting cases); *see Sullivan v. Conway*, 157 F.3d 1092, 1096 (7th Cir. 1998) ("[I]t is improper for a lawyer or litigant . . . to *create* the ground on which he seeks the recusal of the judge assigned to his case. That is arrant judge-shopping." (emphasis in the original)).